IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **CSG Systems, Inc.**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| **TOA Technologies, Inc.**, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, CSG Systems, Inc. ("CSG") for its Complaint against Defendant TOA Technologies, Inc. ("TOA") alleges the following:

### INTRODUCTION

1. This is an action for patent infringement under the Patent Act of the United States, 35 U.S.C. §§ 271 and 281, to prevent and enjoin TOA from infringing, in an illegal and unauthorized manner and without authorization or consent from CSG, U.S. Patent No. 6,990,458 (hereinafter, the "'458 Patent") and U.S. Patent No. 7,725,344 (hereinafter, the "'344 Patent"), and to recover damages, attorneys' fees and costs.

### THE PARTIES

2. CSG is a Delaware corporation which maintains its corporate headquarters at 9555 Maroon Circle, Englewood, Colorado 80112. CSG maintains facilities at other locations in the United States, including facilities in the State of Texas.

3. Upon information and belief, TOA is a Delaware corporation with its principal place of business at 3333 Richmond Rd., Suite 420, Beachwood, Ohio 44122. Upon information

and belief, TOA maintains a registered agent at Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Str., Suite 620, Austin, TX  78701-3218.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.  Accordingly, this Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. TOA is subject to this Court's general and specific personal jurisdiction by virtue of its systematic and continuous contacts within the State of Texas and the Eastern District of Texas, as alleged herein, and pursuant to due process and/or the Texas Long Arm Statute.  TOA has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas.  CSG's causes of action arise directly from TOA's business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. sections 1391 and 1400(b).  As alleged herein, TOA is authorized to do and has transacted business in this judicial district, and has committed and/or induced acts of patent infringement in this district by the making, using and/or selling of cloud-based workforce management software known as "ETAdirect" and "ETAworkforce."

## FACTUAL ALLEGATIONS

7. The allegations set forth in the foregoing paragraphs 1 – 6 are incorporated by reference as though fully set forth herein.

8. CSG is one of the world's largest and most established providers of business support solutions.  Its primary customers are service providers in the communications industry.

CSG offers cutting-edge technology solutions that coordinate and manage many aspects of a service provider's interactions with their own customers.  Over the years, CSG has focused its research and development on developing new and novel software solutions to assist and improve service providers' ability to provide their customers with a differentiated, real-time and personal experience.

9. CSG's software solutions help service providers manage each stage of the customer relationship, from the initial activation of customer accounts, to the support of various service activities, and through the presentment, collection and accounts receivable management of monthly customer statements.

10. The mobile technicians in the field who install, repair and maintain a subscriber's service (e.g., the "cable guy") are often a communications provider's only face-to-face interaction with its customers.  To ensure subscribers' satisfaction, communications service providers must deploy their mobile workforce efficiently and effectively to minimize the window of time that the subscriber needs to be home for the service call and to avoid unnecesary delays and repeat visits caused by sending a technician who does not have the skills or training to handle a subscriber's service needs.

11. CSG has developed patented, proprietary technology – marketed and sold under its Workforce Express® software product line – which enhances and optimizes the workflow management of its communications service provider clientele.  In general terms, CSG's technology takes into account a variety of factors – technician skill level, location/distance of the service call, anticipated length of the service call, and the technician's existing work schedule – to provide a seamless and user-friendly solution which ensures that the right mobile field service

technician is assigned to the right job at the right location and the right time.  CSG's Workforce Express® software product is used by communications service providers who are, in turn, serving the citizens of Texas, including citizens of this judicial district.

12. CSG's workforce management technology is set forth in two patents.  Specifically, on January 24, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '458 Patent, entitled "System and Method for Computer-Aided Technician Dispatch and Communication" after a full and fair examination.  A true and correct copy of the '458 Patent is attached hereto at Exhibit A.  CSG is the owner of the '458 Patent, having received all right, title and interest in and to the '458 Patent by assignment, and possesses all rights of recovery under the '458 Patent, including the exclusive right to recover for past infringement.

13. The '458 Patent is valid and enforceable, and is generally directed to novel, non-obvious and unique systems and methods for efficiently and effectively assigning mobile technicians to jobs in the field, and monitoring the status of those work orders.

14. Additionally, on May 25, 2010, the USPTO duly and legally issued the '344 Patent, entitled "System and Method for Computer-Aided Technician Dispatch and Communication" after a full and fair examination.  A true and correct copy of the '344 Patent is attached hereto at Exhibit B.  CSG is the owner of the '344 Patent, having received all right, title and interest in and to the '344 Patent by assignment, and possesses all rights of recovery under the '344 Patent, including the exclusive right to recover for past infringement.

15. The '344 Patent is valid and enforceable, and is generally directed to further novel, non-obvious and unique systems and methods for efficiently and effectively assigning mobile technicians to jobs in the field, and monitoring the status of those work orders.

16. TOA is a competitor of CSG. TOA makes, uses, sells and offers for sale cloud-based workforce management software products to service providers in the communications industry, including those same companies to which CSG markets its workforce management software solutions. TOA's products are sold under its "ETAdirect" and "ETAworkforce" software product lines, and include, but are not limited to, TOA's ETAdirect Enterprise, ETAdirect Professional and ETAworkforce software products (collectively, the "Accused Products"). The Accused Products have been and are currently being used to manage mobile field technicians in Texas, including in this judicial district.

17. According to its website, TOA was founded in 2003. Since that time, and after the issuance of at least the '458 Patent and '344 Patent, TOA has hired former CSG personnel who had previously worked on and/or managed CSG's WorkForce Express® product. These former CSG personnel, by virtue of their prior positions at CSG, had (and have) knowledge of the '458 and '344 Patents. These former CSG personnel include employees that worked at product manager-level positions, and their jobs at TOA involved (and continue to involve) working on the Accused Products in similar or higher, officer-level positions at TOA such that TOA is charged with knowledge of the '458 and '344 Patents.

## COUNT I: INFRINGEMENT OF THE '458 PATENT

18. The allegations set forth in the foregoing paragraphs 1 – 17 are incorporated by reference as though fully set forth herein.

19. Upon information and belief, TOA has and continues to infringe one or more claims of the '458 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claim 7 of the '458 Patent, literally or under the doctrine of equivalents, by making, using, selling, and/or

offering to sell the Accused Products in the State of Texas, this judicial district, and elsewhere in the United States and without authority.

20. Upon information and belief, TOA has induced and continues to actively induce infringement of the '458 Patent pursuant to 35 U.S.C. § 271(b) by encouraging its customers (service providers in the communication industry) in the State of Texas, this judicial district, and elsewhere in the United States, to make and/or use the invention claimed in the '458 Patent. Such making and/or using of the invention claimed in the '458 Patent constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '458 Patent by such customers. TOA's acts of encouragement include, but are not limited to providing instructions on and intending its customers to infringe the claimed invention of the '458 Patent, of which TOA has had knowledge at least since 2008 or at least as of the service of the present Complaint, through implementation and use of the Accused Products.

21. To the extent that facts learned in discovery show that TOA's infringement of the '458 Patent is or has been willful, CSG respectfully reserves the right to request such a finding, and appropriate relief based thereon, at time of trial.

22. As a result of TOA's direct and indirect infringement of the '458 Patent, CSG has suffered and will continue to suffer monetary damages in an amount not yet determined.

23. Unless a permanent injunction is issued enjoining TOA and its agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '458 Patent, CSG will suffer great and irreparable harm for which no adequate remedy at law exists.

## COUNT II: INFRINGEMENT OF THE '344 PATENT

24. The allegations set forth in the foregoing paragraphs 1 – 23 are incorporated by reference as though fully set forth herein.

25. Upon information and belief, TOA has and continues to infringe one or more claims of the '344 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claim 1 of the '344 Patent, literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell the Accused Products in the State of Texas, this judicial district, and elsewhere in the United States and without authority.

26. Upon information and belief, TOA has induced and continues to actively induce infringement of the '344 Patent pursuant to 35 U.S.C. § 271(b) by encouraging its customers (service providers in the communications industry) in the State of Texas, this judicial district, and elsewhere in the United States, to make and/or use the invention claimed in the '344 Patent. Such making and/or using of the invention claimed in the '344 Patent constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '344 Patent by such customers. TOA's acts of encouragement include, but are not limited to providing instructions on and intending its customers to infringe the claimed invention of the '344 Patent, of which TOA has had knowledge at least since 2010 or as of the service of the present Complaint, through implementation and use of the Accused Products.

27. To the extent that facts learned in discovery show that TOA's infringement of the '344 Patent is or has been willful, CSG respectfully reserves the right to request such a finding, and appropriate relief based thereon, at time of trial.

28. As a result of TOA's direct and indirect infringement of the '344 Patent, CSG has suffered and will continue to suffer monetary damages in an amount not yet determined.

29. Unless a permanent injunction is issued enjoining TOA and its agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '344 Patent, CSG will suffer great and irreparable harm for which no adequate remedy at law exists.

## PRAYER FOR RELIEF

WHEREFORE, CSG respectfully requests that this Court enter:

A. A judgment in favor of CSG that TOA has directly and indirectly infringed the '458 Patent and the '344 Patent;

B. A permanent injunction enjoining TOA and its officers, directors, agents, servants, affiliates, employees, divisions, subsidiaries, parents and all others acting in active concert therewith from directly or indirectly infringing the '458 Patent and the '344 Patent;

C. A judgment and order requiring TOA to pay CSG its damages, costs, expenses, and pre-judgement and post-judgment interest for TOA's direct and indirect infringement of the '458 Patent and the '344 Patent;

D. An award to CSG for enhanced damages resulting from the knowing, deliberate and willful nature of TOA's infringing conduct with notice made at least as early as the date of the service of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to CSG its reasonable attorneys' fees; and

F. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, CSG respectfully requests a trial by jury on all issues so triable.

Dated this 12th day of November, 2012.

        Respectfully submitted,

        */s/ Lee F. Johnston*
        Lee F. Johnston
        Texas Bar No. 10839600
        DORSEY & WHITNEY LLP
        1400 Wewatta Street, Suite 400
        Denver, Colorado 80202-5549
        Telephone:(303) 629-3400
        Facsimile: (303) 629-3450
        E-mail: johnston.lee@dorsey.com

        John M. Pickett
        Texas Bar No. 15980320
        LAW OFFICES OF JOHN PICKETT
        4122 Texas Boulevard
        Texarkana, Texas 75504
        Telephone:(903) 794-1303
        Facsimile: (903) 792-5098
        Email: jpickett@jpickettlaw.com

        **ATTORNEYS FOR PLAINTIFF**
        **CSG SYSTEMS, INC.**

4840-6781-7489\5